COPY

Ruben T. Varela
2249 Camino Del Sol
Fullerton, California 92833
Plaintiff in Pro Per

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT
SEP 1 3 2011
CENTRAL DISTRICT OF CALIFORNIA
BY            DEPUTY

LODGED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT
SEP - 8 2011
CENTRAL DISTRICT OF CALIFORNIA
BY            DEPUTY

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Ruben T. Varela**, <br><br> Plaintiff, <br><br> vs. <br><br> **MIDLAND CREDIT MANAGEMENT, INC.**, <br><br> Defendants | Case No.: SACV11-00891 AG(RNBx) <br><br> **FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 15(a)(2)** <br><br><br> **DEMAND FOR JURY TRIAL** |

### COMPLAINT

Plaintiff, **Ruben T. Varela**, hereby sues Defendant, MIDLAND CREDIT MANAGEMENT, INC., and alleges:

### PRELIMINARY STATEMENT

1. This is an action for damages brought for violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C § 1692 *et seq.*; for damages for

violations of the California Rosenthal Fair Debt Collection Practices Act (Rosenthal FDCPA), California Civil Code § 1788.12 *et seq.*; and for damages for violations of the Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681b.

## JURISDICTION

2. The Court has jurisdiction under 28 U.S.C. § 1331. Federal question jurisdiction arises pursuant to 15 U.S.C. § 1692k and 15 U.S.C §1681p. The court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. §1367.

## VENUE

3. Venue is proper pursuant to 28 U.S.C §1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## PARTIES

4. Plaintiff, Ruben T. Varela, is a natural person residing at 2249 Camino Del Sol, Fullerton, California, 92833.

5. Defendant, MIDLAND CREDIT MANAGEMENT, INC. ("MCM"), is a Kansas Corporation, authorized to do business in California, and resides at 8875 Aero Drive, Suite 200, San Diego, CA, 92123.

6. All conditions precedent to the bringing of this action have been performed, waived or excused.

///

///

## STATEMENT OF FACTS

7. The FDCPA was comprehensively written to cover all actions, "directly or indirectly"[1] including "attempts"[2] to collect "alleged"[3] or "asserted"[4] consumer debts.

8. The FDCPA was enacted to apply not just to the collection of a debt, but also to activities that are "in connection with the collection of a debt".[5]

9. The FDCPA is a remedial statute and should be liberally interpreted.[6] When there is uncertainty in the meaning of the statute, it should be construed to give effect to the purposes stated in 15 U.S.C. §1692(a)-(e)[7], collectively entitled CONGRESSIONAL FINDINGS AND DECLARATION OF PURPOSE. Subsection (e) reads in relevant part:

> (e) "It is the purpose of this title **to eliminate abusive debt collection practices** by debt collectors, to insure that those debt collectors who refrain from using the abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action **to protect consumers against debt collection abuses**." (**Emphasis added.**)

---

[1] 15 U.S.C. § 1692a(2), 1692a(6)
[2] 15 U.S.C. §§ 1692a(6), 1692f, 1692j(a)
[3] 15 U.S.C. §§ 1692a(3), 1692a(5), 1692a(6)(F), 1692g
[4] 15 U.S.C. § 1692a(6)
[5] 15 U.S.C. §§ 1692c(a), 1692c(b), 1692e, 1692g
[6] *Brown v. Card Serv. Ctr.*, 464 F.3d 450, (3d Cir., Sept. 29, 2006)
[7] Ibid.

## FIRST CAUSE OF ACTION

10. Plaintiff denies ever having any contractual agreement for credit, loans or services relationship with Defendant MCM.

11. During the month of November, 2010, Defendant initiated a soft pull of Plaintiff's consumer report from consumer reporting agency Trans Union, LLC ("Trans Union"), without a permissible purpose.

## SECOND CAUSE OF ACTION

12. The FDCPA, 15 U.S.C. §1692a(2) reads, "The term "*communication*" means the conveying of information regarding a debt *directly* or *indirectly* to any person *through any medium*." (*Emphasis added*.)

13. By initiating a soft pull of Plaintiff's consumer report, Defendant conveyed information regarding a debt, *directly* to consumer reporting agency Trans Union.

14. By initiating a soft pull of Plaintiff's consumer report, Defendant – a debt collection firm, conveyed information regarding a debt, in connection with the collection of a debt, *directly* to consumer reporting agency Trans Union.

15. By initiating a soft pull of Plaintiff's consumer report, Defendant - a debt collection firm, conveyed information regarding a debt, in connection with the collection of a debt, *indirectly* to Plaintiff, *through* the consumer report *medium*.

16. By initiating a soft pull of Plaintiff's consumer report, Defendant "*communicated*" with Plaintiff, in connection with the collection of a debt.

17. By initiating a soft pull of Plaintiff's consumer report, Defendant's "*communication*" with Plaintiff, in connection with the collection of a debt, represented an "*initial communication*" within the meaning of the FDCPA 15 U.S.C §1692g(a).

18. Defendant failed to send written debt verification notice to Plaintiff within five days after its "*initial communication*" with Plaintiff in connection with the collection of a debt, pursuant to 15 U.S.C. §1692g(a) *et seq*.

## CLAIM I

## VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT (FDCPA), 15 U.S.C. § 1692 *et seq*., BY DEFENDANT MIDLAND CREDIT MANAGEMENT, INC.

### FIRST CAUSE OF ACTION

19. Paragraphs 1 through 18 are re-alleged as though fully set forth herein.

20. Plaintiff is a "consumer" within the meaning of the FDCPA, 15 U.S.C. §1692a(3).

21. Defendant MCM is a "debt collector" within the meaning of FDCPA, 15 U.S.C. §1692a(6).

22. MCM violated the FDCPA. Defendant's violations include, but are not limited to, the following:

(a) Defendant violated 15 U.S.C. §1692e(2)(A), by falsely representing the character, amount, or legal status of any debt.

**Wherefore Plaintiff requests judgment in the amount of $1,000.**

SECOND CAUSE OF ACTION

23. Paragraphs 19 through 22 are re-alleged as though fully set forth herein.

24. MCM violated the FDCPA. Defendant's violations include, but are not limited to, the following:

(a) Defendant violated 15 U.S.C. §1692g(a) *et seq.*, by failing to send to consumer written debt verification notice within five days after the initial communication with the consumer in connection with the collection of any debt.

**Wherefore Plaintiff requests judgment in the amount of $1,000.**

## CLAIM II

**VIOLATIONS OF THE CALIFORNIA ROSENTHAL FAIR DEBT COLLECTIONS PRACTICES ACT ("Rosenthal FDCPA"), Cal. Civil Code §1788 *et seq.*, BY DEFENDANT MIDLAND CREDIT MANAGEMENT, INC.**

FIRST CAUSE OF ACTION

25. Paragraphs 1 through 24 are re-alleged as though fully set forth herein.

26. Plaintiff is a "debtor" within the meaning of the Rosenthal FDCPA, Cal. Civil Code § 1788.2(h).

27. Defendant MCM is a "debt collector" within the meaning of the Rosenthal FDCPA, Cal. Civil Code §1788.2(c).

28. Defendant MCM willfully, and intentionally violated the Rosenthal FDCPA. Defendant's violations include, but are not limited to, the following:

   (a) Defendant violated Cal. Civil Code §1788.17, by violating those provisions of 15 U.S.C. §1692e(2)(A), by falsely representing the character, amount, or legal status of any debt.

**Wherefore Plaintiff requests judgment in the amount of $1,000.**

SECOND CAUSE OF ACTION

29. Paragraphs 25 through 28 are re-alleged as though fully set forth herein.

30. Defendant MCM willfully, and intentionally violated the Rosenthal FDCPA. Defendant's violations include, but are not limited to, the following:

   (b) Defendant violated Cal. Civil Code §1788.17, by violating those provisions of 15 U.S.C. §1692g(a) *et seq.*, by failing to send to consumer written debt verification notice within five days after the initial communication with the consumer in connection with the collection of any debt.

**Wherefore Plaintiff requests judgment in the amount of $1,000.**

## CLAIM III

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. § 1681b, WILLFULL NON-COMPLIANCE BY DEFENDANTS MIDLAND CREDIT MANAGEMENT, INC.

31. Paragraphs 1 through 30 are re-alleged as though fully set forth herein.

32. Plaintiff is a "consumer" within the meaning of the FCRA, 15 U.S.C. §1681a(c).

33. Defendant MCM is a "furnisher of information" within the meaning of the FCRA, 15 U.S.C. §1681s-2.

FIRST CAUSE OF ACTION

34. Defendant MCM willfully violated the FCRA. Defendants' violations include, but are not limited to, the following:

(a) Defendant willfully violated 15 U.S.C. §1681b(f), by obtaining Plaintiff's consumer report without a permissible purpose as defined by 15 U.S.C. §1681b.

**Wherefore Plaintiff requests judgment in the amount of $1,000.**

///

///

///

///

## CLAIM IV

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. § 1681b, NEGLIGENT NON-COMPLIANCE BY DEFENDANTS MIDLAND CREDIT MANAGEMENT, INC.

35. Paragraphs 1 through 34 are re-alleged as though fully set forth herein.

36. Plaintiff is a "consumer" within the meaning of the FCRA, 15 U.S.C. §1681a(c).

37. Defendant MCM is a "furnisher of information" within the meaning of the FCRA, 15 U.S.C. §1681s-2.

FIRST CAUSE OF ACTION

38. Defendant MCM negligently violated the FCRA. Defendants' violations include, but are not limited to, the following:

   (a) Defendant negligently violated 15 U.S.C. §1681b(f) by obtaining Plaintiff's consumer report without a permissible purpose as defined by 15 U.S.C. §1681b.

**Wherefore Plaintiff requests judgment in the amount of $1,000.**

### REQUEST FOR RELIEF

WHEREFORE the Defendant has violated the FDCPA, California's Rosenthal FDCPA, and FCRA, Plaintiff hereby requests:

39. Judgment for damages against Defendant for statutory damages in the amount of $2,000, attorney's fees and costs, pursuant to 15 U.S.C. §1692k.

40. Judgment for damages against Defendant for statutory damages in the amount of $2,000, attorney's fees and costs, pursuant to Cal. Civil Code §1788.17, and Cal. Civil Code §1788.30(b).

41. Judgment for damages against Defendant for statutory damages in the amount of $1,000, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o.

42. Any further relief which the court may deem appropriate.

## DEMAND FOR JURY TRIAL

43. Plaintiff hereby requests a jury trial on all the issues raised in this complaint.

Dated: September 7, 2011

By: __Ruben T. Varela__
Plaintiff in Pro Per

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing will be mailed to all parties this 7th day of September, 2011.

Respectfully,

*[signature]*

Ruben T. Varela,
Plaintiff in Pro Per
2249 Camino Del Sol
Fullerton, CA  92833
(714)864-0150
rtvarela@yahoo.com